THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
JUL 21 2006
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

Raymond Frantz,                    :    Civil Action

        Plaintiff        :    No. 06-CV-

        v.                                06-3210

William J. Gress
and Officer Anenko,
        Defendants       :

## COMPLAINT
### PARTIES

1. Plaintiff is Raymond Frantz, an adult citizen and resident of Pennsylvania who resides at 7103 Penarth Avenue, Upper Darby, Delaware County, PA 19082.

2. Defendant William J. Gress, is an adult citizen and resident of Pennsylvania who at all times relevant to this complaint was an officer of the Philadelphia Police Department, acting within the course and scope of his duties as such, under color of state law, as a member of the Third District, whose addresses are 11th & Wharton, 19145 & 420 Bainbridge St., 2nd Floor, Philadelphia, PA 19147.

3. Defendant Officer Anenko, whose first name is unknown, is an adult citizen and resident of Pennsylvania who at all times relevant to this complaint was an officer of the Philadelphia Police Department, Badge No. 6750, acting within the course and scope of his duties as such, under color of state law, as a member of the Third District, whose addresses are 11th & Wharton, 19145 & 420 Bainbridge St., 2nd Floor, Philadelphia, PA 19147.

1

## JURISDICTION AND VENUE

4. Jurisdiction is based on 28 U.S.C. § 1331 as there were violations of rights under the 1st, 4th and 14th Amendments to the U.S. Constitution by a state actor acting under color of state law.

5. Venue is proper in the Eastern District as all the events relevant to this matter, took place in, the parties and witnesses reside in, and the physical evidence is located within the Eastern District.

## FACTS

6. On April 9, 2005, Plaintiff was leafleting religious tracts while on a public sidewalk at or around 347 South Street, Philadelphia, PA around 11:45 p.m.

7. Plaintiff, employed full-time by the U.S. Postal Service, has regularly leafleted religious pamphlets in Philadelphia for over 15 years. During that period, as a result of consultation with his legal counsel, Plaintiff has followed a practice of not blockading pedestrian passage when leafleting, leaving sufficient room for pedestrians to pass, not giving materials to passersby who indicate they do not want them, avoiding arguments with passersby, cleaning up the area of distribution as the end of his time of leafleting, and being respectful and peaceful to all members of the public.

8. That day Plaintiff followed his usual practice.

9. On April 9, 2005, Defendant Gress encountered Plaintiff arrested him and issued him citation No. 2005-003198 for a violation of Philadelphia Code Section 10-723, Distribution of Commercial & Non-Commercial handbills on sidewalks, streets and private property, for failing to clean up handbills daily at the end of the day within a 100' radius. Under §10-723.1, anyone who distributes non-commercial handbills within the city shall at the end of his daily distribution clear any discarded handbills within a 100-foot radius of the location where the handbills were distributed.

10. At all times when he was leafleting on April 9, 2005 Plaintiff was standing near the edge of the sidewalk so there was sufficient room for pedestrians to pass and there were few if any leaflets discarded within a 100' radius.

11. Plaintiff pickup up discarded pamphlets periodically that night as he leafleted.

12. Handbills were not clogging the gutters in the area.

13. Plaintiff intended to leaflet for a while longer when he was arrested April 9, 2005.

14. Before arresting and citing Plaintiff, Defendant Gress never asked him if he was finished leafleting for the evening or instructed him to pick up discarded leaflets when he was done.

15. Defendant Gress on April 9, 2005 ordered Plaintiff to cease leafleting and did not deploy a strategy more narrowly tailored to protect

an important government interest by, e.g., telling him to move to the side so pedestrians could pass unhindered or telling him to pick up discarded leaflets and then resume leafleting or tell him to do so when he was finished leafleting.

16. At all relevant times when Plaintiff leafleted on April 9, 2005 he was alone.

17. On April 9, 2005, the sidewalk at the location where he leafleted was 130-135 inches wide.

18. On April 9, 2005, no pedestrian was forced to nor did any go around him into the street as a result of Plaintiff's activity.

19. That day Plaintiff leafleted while standing within 1-1 ½ feet of the street side edge of the sidewalk.

20. That day Plaintiff periodically policed the area to pick up discarded leaflets.

21. Defendant Gress on April 9, 2005 did not ask Plaintiff if he had reached the end of his day's distribution of tracts as is required under §10-723.1 but told Plaintiff the local ordinance forbids handbilling, told him to cease handbilling and when he refused, handcuffed him, took him into custody and gave him a citation for violating § 10-723 of the Philadelphia Code.

22. Defendant Gress made no effort to control the size of the gathering or to alter Plaintiff's location before arresting him.

4

23. On May 26, 2005, Plaintiff was found guilty of a violation of § 10-723 by Municipal Judge Wendy Pew in No. 05-03-012601-0/1.

24. Plaintiff filed an appeal to the summary conviction, and as a result all charges against Plaintiff were dismissed with prejudice by The Honorable Joyce Kean of the Philadelphia County Court of Common Pleas.

25. On June 18, 2006 at about 1:15 a.m. Defendant Officer Aneko, a Philadelphia Police Officer, Badge # 6750, stopped Plaintiff while he was leafletting religious tracts on a public sidewalk at 4th and South Streets in Philadelphia. At all times that evening Plaintiff did not blockade pedestrian traffic but was resting against the fire hydrant and there was plenty of room (over 130 inches) for pedestrian traffic to pass. Defendant Aneko told Plaintiff he could not hand out literature and/or to leave, so Plaintiff stopped leafletting and left the area only to avoid arrest.

## COUNT I – APRIL 9, 2005 VIOLATION OF FIRST AMENDMENT

26. The averments of paragraphs 1-25 are incorporated by reference.

27. Defendant Gress arrested Plaintiff before the end of his daily distribution for improper distribution of noncommercial religious leaflets under § 10-723 of the Philadelphia Code (for distributing handbills which recipients allegedly threw into gutters, causing them to be clogged) and forcing him to stop leafleting without first requesting him to pick up handbills or do so after his leafleting was finished.

28. Defendant Gress also arrested Plaintiff for standing in the middle of the sidewalk while leafleting (an alleged violation of 18 Pa. C.S.A. §5703, Blockage of Public Passage) when he was not blockading the sidewalk, without first asking him to move to the side to allow pedestrian passage or to take action to permit leafletting while allowing pedestrian passage as is required under §5703.

29. Defendant Gress failed to employ narrow tailoring to restrict only so much activity as was necessary to protect an important government interest and violated the First Amendment.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant in an amount in excess of $75,000., plus costs, interest and attorneys fees.

## COUNT II - MALICIOUS PROSECUTION

30. The averments of paragraphs 1-25 are incorporated by reference.

31. Criminal proceedings were instituted against Plaintiff by Defendant Gress.

32. Said proceedings were instituted without probable cause.

33. The proceedings terminated in Plaintiff's favor.

34. The proceedings were instituted with malice.

WHEREFORE, Plaintiff demands entry of judgment in his favor and against Defendant Gress in an amount in excess of $75,000., plus costs, interest and attorneys fees.

## COUNT III – UNCONSTITUTIONALITY OF § 10-723.1 (1)

35. The averments of paragraphs 1-25 are incorporated by reference.

36. Defendant never alleged, and there is no evidence to support a claim, that Plaintiff threw any literature to the ground.

37. § 10-723 & 723.1 (1) requires handbillers to clear discarded handbills within a 100 foot radius of the area of distribution at the end of the daily distribution, but do not require vendors of materials, products or food to clear trash, wrapper, litter or refuse they generate within a 100 foot radius of the site of a sale.

38. Minimizing letter or trash and preventing the clogging of sewers and culverts are the ostensible purposes for the regulation.

39. Handbillers are similarly situated to vendors whose customers may throw wrappers or other paper products to the ground.

40. § 10-723 & 723.1 (1) is facially unconstitutional because it violates the Equal Protection Clause of the Fourteenth Amendment.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Gress in an amount in excess of $75,000., plus costs, interest and attorneys fees.

## COUNT IV – VIOLATIONS OF FOURTH AMENDMENT

41. The averments of paragraphs 1-27 are incorporated by reference.

7

42. The arrests and/or stops of Plaintiff were without probable cause in violation of the Fourth Amendment.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in an amount in excess of $75,000., plus costs, interest and attorneys fees.

## COUNT V: JUNE 18, 2006 VIOLATIONS OF FIRST AMENDMENT AND 18 Pa. C.S.A §5507 (a) (2)

43. The averments of paragraphs 1-25 are incorporated by reference.

44. Defendant Anenko banned distribution of religious tracts on June 18, 2006 when Plaintiff was not blockading traffic, committing a crime or significantly affecting any government interest and made no effort to remedy any blockage of the sidewalk before telling Plaintiff to leave and/or cease distribution of tracts, failing to use narrow tailoring to protect an important governmental interest, in violation of the First Amendment.

45. Any blockading or problem caused by Plaintiff's leafleting on June 18, 2006 could easily have been remedied by Defendant Anenko's control of the size or location of Plaintiff's leafleting as is required under 18 Pa. C.S.A. §5507 (a) (2), yet said Defendant made no effort to do what that section requires but simply ordered Plaintiff to move from that location and/or stop leafleting, even though Plaintiff did not blockade or even effect pedestrian traffic, which was light to moderate at that point.

WHEREFORE, Plaintiff demands judgment against Defendant Anenko in an amount in excess of $75,000., plus costs, interest and attorneys fees.

DATE: __July 18__, 2006    *Michael Considine*
J. Michael Considine, Jr.
12. East Barnard Street
Suite 100
West Chester, PA 19382
(610) 431-3288
Counsel for Plaintiff
Participating Attorney,
The Rutherford Institute