IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND FRANTZ<br>    Plaintiff, | :<br>:<br>: CIVIL ACTION NO.  06-CV-3210 |
| v. | :<br>: |
| WILLIAM J. GRESS, ET AL.<br>    Defendants. | :<br>: |

### MEMORANDUM AND ORDER

Tucker, J.                                                                                          October _____, 2007

Presently before this Court is Plaintiff's Motion for Summary Judgment (Doc. 26).  For the reasons set forth below, upon consideration of Plaintiff's Motion, Defendant's Response (Doc. 30), and Plaintiff's Reply (Doc. 36), the Court will deny Plaintiff's Motion.

### BACKGROUND

From the evidence of record, taken in a light most favorable to the non-moving party, the pertinent facts are as follows.  On April 9, 2005, Defendant William Gress, an eleven (11) year veteran of the Philadelphia Police Department, was on duty and assigned to bicycle patrol in an area that included the northeast corner of 4th and South Streets.  While patrolling, Officer Gress observe Plaintiff distributing leaflets while standing in the middle of the sidewalk.  Officer Gress testified at his deposition that he noticed that passing pedestrians were forced to walk in the street or stop on the sidewalk.  Officer Gress also noted that a large amount of Plaintiff's pamphlets were in the gutters and sewers in Plaintiff's immediate vicinity. Gress avers that he approached Plaintiff and reviewed the material, then instructed Plaintiff to move away from the middle of the sidewalk and to stand in a manner that would not impede pedestrian traffic.  Plaintiff refused to move.  Plaintiff allegedly continued in his refusal to move to one side for 15-20 minutes, and was eventually arrested and cited.

On the evening of June 18, 2006, Defendant John Hanejko, a five (5) year veteran of the Philadelphia Police Department, similar to Defendant Gress, was assigned to a patrol area to an area that includes the southeast corner of 4th and South Streets.  Officer Hanejko approached

Plaintiff after observing a number of pamphlets on the ground. Hanejko avers that Plaintiff was in the middle of sidewalk handing pamphlets identical to those Hanejko observed lying on the ground. Hanejko then instructed Plaintiff on his "rights and obligations with respect to leafleting religious material on a public sidewalk." Specifically, according to Defendant, he told Plaintiff that he was not allowed to obstruct the sidewalk or stand in the middle of the sidewalk and force his material onto pedestrians. Hanejko claims that Plaintiff became irate upon hearing these instructions, asked for Hanejko's badge number, and thereafter left the area.

On July 21, 2006 Plaintiff filed a Complaint alleging violation of the First Amendment, malicious prosecution, the unconstitutionality of "§ 10-723 & 723.1," violations of the Fourth Amendment, violations of 18 Pa. C.S.A § 5507 (a)(2), and a request for declaratory judgment. In his present motion, Plaintiff seeks summary judgment on his First Amendment and Fourth Amendment claims.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis of its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. V. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the

district court that there is an absence of evidence to support the non-moving party's case." Id. at 325.  After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e).  That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  "[I]f the opponent [of summary judgment] has exceeded the 'mere scintilla' [of evidence] threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against opponent, even if the quality of the movant's evidence far outweighs that of its opponent."  Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).  Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party.  Anderson, 477 U.S. at 255.

## DISCUSSION

**A.  Plaintiff's First Amendment Claims (Counts I & V)**

In his Amended Complaint, Frantz alleges that the Defendants' activity on the dates in question denied his right to freedom of speech and free exercise of religion, as guaranteed by the First Amendment.  (Am. Compl. ¶¶ 29, 44-45)

The Supreme Court has outlined a three-step analysis for alleged violations of the First Amendment.  This Court must first decide whether the speech at issue is protected by the First Amendment.  Cornelius v. NAACP Legal Def. & Educ. Fund, 473 U.S. 788, 797 (1985). Assuming that the activity is protected speech, the Court must next identify the nature of the forum, "because the extent to which the Government may limit access depends on whether the forum is public or nonpublic."  Id.  Finally, the Court must assess whether the justifications for exclusion from the relevant forum satisfy the requisite standard.  Id.  The dissemination of ones

religious views is unquestionably protected under the First Amendment.  See Heffron v. Int'l Soc'y for Krishna Consciousness, 452 U.S. 640, 647 (1981).  Furthermore, it is unquestionable that a public sidewalks are public fora.  Therefore, in order to determine the appropriateness of summary judgment, this Court must decide whether the officers' restriction of Frantz's distribution of pamphlets during the incidents in question was reasonable, under the applicable First Amendment standard.

The extent to which the Government may limit speech depends on whether the forum is public or nonpublic.  Kreimer v. Bureau of Police, 958 F.2d 1242, 1255 (3d Cir. 1992).  As a general rule, the government may limit speech that takes place on its own property without much First Amendment restriction.  Perry Educ. Ass'n. v. Perry Local Educators' Ass'n, 460 U.S. 37, 46 (1983).  Where the area in question is a traditional public forum though, the government's ability to limit speech is "impinged upon by the First Amendment."  Christ's Bride Ministries v. SEPTA, 148 F.3d 242, 247 (3d Cir. 1998) (citing Perry, 460 U.S. at 45-46).  Content-based restrictions on private speech in public fora must survive strict scrutiny in order to pass constitutional muster.  Id. (citing  Int'l Soc'y for Krishna Consciousness, Inc. v. Lee, 505 U.S. 672, 678 (1992)).  If, however, the restriction in question is "viewpoint neutral," a government's burden is not as high. Christ's Bride Ministries, 148 F.3d at 247.  Viewpoint neutral restrictions need only be "reasonable in light of the purpose served by the forum."  Id. (citing Rosenberger v. Rector & Visitors of the Univ. of Va., 515 U.S. 819 (1995).  Regarding public fora, governments may impose time, place and manner restrictions on speech, so long as those restrictions are reasonable, and are necessary to achieve a significant governmental interest.  Grayned v. City of Rockford, 408 U.S. 104, 115 (1972).

Frantz contends that the Defendants' action amounted to a content based restriction on his

speech and furthermore was not narrowly tailored.[1]  (Pl.'s Summ. J. Mem. at 24.)  He reasons that he is entitled to summary judgment because Defendants' actions were presumptively unconstitutional since his speech was improperly censored on the basis of his viewpoint.  Id.  This Court disagrees.  There are several issues of material fact regarding the reasons Defendants did not allow Frantz to continue distributing his pamphlets in the manner he wished.  As already noted on April 9, 2005, Defendant Gress arrested Frantz for obstruction of a highway.[2]  The fact Gress believed he had probable cause to arrest Frantz (and the fact that probable cause may indeed exist), creates an issue of fact as to Gress's motives for arresting Frantz.  Similarly, Defendant Hanejko's interaction with Frantz on June 18, 2006 cannot support summary judgment for Plaintiff because there is not enough evidence regarding that confrontation that would allow the Court to determine that Hanejk's motivation was anything other than ordinary law enforcement.  Plaintiff's motion for summary judgment on his First Amendment claims is denied.

**B.      Plaintiff's Fourth Amendment Claims (Counts II & VI)**

Plaintiff moves for summary judgment on his claim for malicious prosecution.  (Am. Compl. ¶¶ 30-34; Pl.'s Summ. J. Mem. at 24 & 25.)  To prove § 1983 malicious prosecution, a plaintiff must show that (1) the defendants initiated a criminal proceeding, (2) the criminal proceeding ended in plaintiff's favor, (3) the defendants initiated the proceeding without probable cause, (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to

---

[1] In support of his argument regarding the constitutional requirement of "narrow tailoring," Plaintiff states that Defendant Gress admitted, presumably at his deposition, that in past incidents with persons distributing pamphlets, he instructed those individuals to pick up the littered pamphlets before resorting to arrest.  Plaintiff complains that he was not given the same opportunity.  Plaintiff's argument that he was treated differently from other persons distributing pamphlets states a claim of violation of the 14th Amendment Equal Protected clause. Since a claim of violation of the 14th Amendment is not raised in Plaintiff's Amended Complaint, it is not properly before the Court.

[2] In Pennsylvania "[a] person, who, having no legal privilege to do so, intentionally or recklessly obstructs any highway . . . or public utility right-of-way, sidewalk . . . [or] other public passage, whether alone or with others, commits a summary offense, or, in case he persists after warning by a law officer, a misdemeanor of the third degree." 18 PA. CONS. STAT. § 5507 (Lexis through the 2005 Legislative Session).

justice, and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003). A close review of the record reveals that Plaintiff is not entitled to summary judgment on this claim.

Frantz argues that he is entitled to summary judgment because his arrest was not supported by probable cause. (Pl.'s Summ. J. Mem. at 25.) According to Frantz, he was arrested for engaging in constitutionally protected activities and therefore no probable cause existed to arrest him. Id. Frantz further reasons that the lack of probable cause allows the Court to infer malice. Id. However, the Court finds that Frantz has not produced enough evidence to prevail on his motion for summary judgment. There are issues of fact surrounding whether probable cause existed for his arrest.

Probable cause for an arrest is based on the "totality of the circumstances" surrounding the alleged crime. Illinois v. Gates, 462 U.S. 213 (1983). Probable cause exists if it is reasonable for the arresting officer to believe that a crime is being committed. Orsatti, 71 F. 3d at 482. Given the different accounts of Plaintiff's actions, Officer Gress's belief that a crime was being committed could have been reasonable. Thus, Frantz is not entitled to summary judgment on his malicious prosecution claim.

### E. Qualified Immunity

In their response to Plaintiff's Motion for summary judgment. Defendants argue that based on the doctrine of qualified immunity, any claim against them would be barred. An official is entitled to qualified immunity in his individual capacity under § 1983 if a reasonable official would have believed that his actions were proper under existing law. Anderson v. Creighton, 483 U.S. 635, 640 (1987). Qualified immunity should be denied only if, in light of pre-existing law, the unlawfulness of an action should have been apparent. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Thus, the qualified immunity defense provides "ample protection to

all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). This Court must determine whether Defendants' conduct was "objectively reasonable" given the clearly established state of the law. Curley v. Klem, 298 F.3d 271, 278-79 (3d Cir. 2002).

In determining whether an official is entitled to qualified immunity, "we [must] begin by considering the threshold question of whether the alleged facts, viewed in the light most favorable to [the plaintiff], show that [the official's] conduct violated a constitutional right." Curley, 298 F.3d at 279. The "reasonableness inquiry is an objective one." Id. (citing Graham v. Connor, 490 U.S. 386, 396 (1989)). In conducting this analysis, the Court "must judge 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" Id. (quoting Graham, 490 U.S. at 396). Qualified immunity is not appropriate where it is found that the officer "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury." Wood v. Strickland, 420 U.S. 308, 322 (1975), quoted in Forbes v. Twp. of Lower Merion, 313 F.3d 144, 148 (3d Cir. 2002). However, "[i]f an official could have reasonably believed that his or her actions were lawful, the official receives immunity even if in fact the actions were not lawful." Forbes, 313 F.3d at 148.

In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court enumerated the two-part inquiry a court must make in order to determine whether a state official is entitled to qualified immunity. First, the Court must determine whether the facts alleged show that the officer's conduct violated a constitutional right. Second, if a violation could be made out on a favorable view of the parties' submissions, the must determine whether the right clearly established. Id. at 201.

The present record does not support a qualified immunity finding at the summary

judgment stage because while the rights at issue in this case are both constitutional and clearly established, there remains a dispute whether there was a violation of those rights.  As discussed in detail above, Frantz has presented enough evidence to make out a *prima facie* case on his claim against the Defendants for First and Fourth violations.  Furthermore, it is axiomatic that the federally-protected rights to free speech and freedom from unreasonable seizure are all clearly established**.**  The issue as to whether there was a violation is best resolved at trial.

## **CONCLUSION**

Based upon the foregoing reasons, the Court will deny Plaintiff's Motion for Summary Judgment.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAYMOND FRANTZ** | : |
|    **Plaintiff,** | : |
| | : **CIVIL ACTION NO. 06-CV-3210** |
| **v.** | : |
| | : |
| **WILLIAM J. GRESS, ET AL.** | : |
|    **Defendants.** | : |

### ORDER

**AND NOW**, this ___ day of October, 2007, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. 26), Defendant's Response (Doc. 30), and Plaintiff's Reply (Doc. 36), **IT IS HEREBY ORDERED AND DECREED** that Plaintiff's Motion is **DENIED**.


                        **BY THE COURT:**

                        **/s/ Petrese B. Tucker**

                        _____
                        **Hon. Petrese B. Tucker, U.S.D.J.**